UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

DONIQUE TULLOCH,

    Plaintiff,

v.

PAVECO INC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONIQUE TULLOCH, by and through her undersigned counsel, sues the Defendant, PAVECO INC., and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages and to remedy violations of the rights of DONIQUE TULLOCH under the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to her by the Defendant, PAVECO INC. ("Defendant").

2.    The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

3.    At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

1

4. As a Black female born in Jamaica, Plaintiff is a member of a protected class under the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), because the terms, conditions, and privileges of her employment were altered because of her race, national origin, and gender.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on January 26, 2021. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11. Defendant hired Plaintiff on January 3, 2019 as Accounting Manager and subsequently wrongfully terminated her on April 9, 2019.

12. The Plaintiff's job duties were accounts payables and receivables and customer service.

13. Plaintiff was qualified for the position she had based on her experience and training.

14. Plaintiff's starting salary was $770.00 per week.

15. In April 2019, the Defendant hired a white male, Stephen Summas, as a manager. From this point on the Plaintiff became the target of ongoing harassment and discrimination.

16. The first time the Plaintiff saw Mr. Summas, she did not know who he was, so she approached him to introduce herself and shake his hand, but he ignored her. That same day, Mr. Summas requested that the Plaintiff give him the Defendant's financial reports. The Plaintiff declined to do so because she did not know who he was and Defendant previously instructed her to provide financial documents only to the owner, Darin Whelan, and office manager, Tatiana Warner. Before Plaintiff could ask who he was, Mr. Summas walked away from Plaintiff and into the back room, shut the door, and made a phone call. The Plaintiff overheard Mr. Summas say, "she doesn't want to do her job; she needs to be fired."

17. Upon learning Mr. Summas was the new manager, Plaintiff printed the requested reports and gave them to Mr. Summas. In response, Mr. Summas again accused Plaintiff of not doing her job.

18. On April 2, 2019, the Plaintiff was outside pumping breast milk in her car so that she could have privacy. The Plaintiff had a baby in Mid-November of 2018. As Mr. Summas walked around the yard talking on his phone, the Plaintiff overheard him say, "Black people are so lazy yet they expect to get paid well!"

19. Mr. Summas continued to accuse the Plaintiff of not doing her job despite the fact that Plaintiff identified discrepancies and errors and called the attention of Ms. Warner and

operations manager, Wayne Culbertson, to those items, none of which were attributable to Plaintiff, They responded that the previous accountant made many mistakes, resulting in the termination of her employment. The Plaintiff also told Mr. Whelan on numerous occasions that he needed to hire an auditor or controller.

20. On one occasion, the Plaintiff overheard Mr. Summas talking on the phone. He kept saying, "she is the only Black one in the office. She doesn't do her work well and I might have to fire her." The Plaintiff felt discriminated against based on her race and national origin. The Plaintiff called Mr. Culbertson and told him that she was being discriminated against and what had happened.

21. One day in April 2019, Mr. Summas called a meeting with other employees and the Plaintiff. He said that he was going to switch up Quickbooks online because "some people are not capable of doing their job." After the meeting the Plaintiff went to talk to Mr. Summas about the change and he dismissed the Plaintiff and said that her input was not needed. He also said, "its my way or the highway. Either get off the train or get left. Don't get thrown off."

22. Later that day, the Plaintiff overheard Mr. Summas say, "I am going to get her fired. She needs to do what she's told and stop asking questions. She is a woman!" Plaintiff felt discriminated against based on her gender.

23. One day on the Plaintiff's way back to work after a break, a man tried to sell her some wine as a promotion. The Plaintiff declined but told him that she would speak to her friends and see if they wanted any. He gave the Plaintiff a sample in a sealed wine bottle. The Plaintiff did not open the bottle or taste the wine. Instead, she wrapped the bottle carefully and put it in her purse, sealed, and hidden. The Plaintiff walked into the office and put her breastmilk in the freezer like she always did and set her bag on her desk to use the bathroom. When the Plaintiff came out

she heard Mr. Summas say, "yes, I finally got something to fire her for. Just watch me." The Plaintiff went to her desk and proceeded to finish her work. Mr. Summas passed by the Plaintiff's desk and quietly said, "It is funny how Black people are so lazy, always get less done, always complain, and are always first to get fired."

24. At the end of the day, the Plaintiff walked out and gave the bottle, still in its bag, to a worker in the yard. Later, the Plaintiff got an email from Mr. Summas on the company phone saying she should take the day off and return April 9, 2019. The email also stated that the Plaintiff was to not ever take the company device home. This is the same device that the Plaintiff used to respond to text messages and emails sent after working hours by Mr. Whelan.

25. Another day, the Plaintiff heard Mr. Summas say, "Yes, I will get rid of her so I can hire you. You will do a much better job and fit in because I think you would do better than the Jamaican. They are lazy and waste company time and still want to get paid. My workers know what I stand for and I do not need anybody that thinks I am harassing them or disrespecting them when I am telling the truth. They are all lazy but the other two are Darin's friends, so I won't fire them, she's not his friend though."

26. When the Plaintiff returned to work, Mr. Summas gave her an acknowledgement to sign stating that he did not see her drink or smell alcohol on her or her belongings, but he still "felt" as if she had been drinking on the job. The Plaintiff found out from Luisa that she saw Mr. Summas going through her bag when she was in the bathroom and that was how he knew the Plaintiff had the bottle of wine. This search was conducted without the Plaintiff's permission and without any notice and, in fact, was calculated to be done while she was elsewhere pumping breastmilk so that she could not see what occurred.

27.     Around April 9, 2019, the Plaintiff sent an email to Mr. Whelan complaining about harassment. The Plaintiff met with Mr. Whelan who then lobbed a baseless accusation that the Plaintiff was stealing office supplies. When Plaintiff attempted to discuss the harassment, Mr. Whelan responded that she was "playing the victim." The Plaintiff responded that she had worked in predominantly male environments throughout her career in the construction industry and she knew when someone was being aggressive, macho, and ridiculing her because she was a woman. Mr. Whelan again insisted that the Plaintiff was playing the victim and pivoted to the alleged drinking issue. The Plaintiff asked him to call in Ms. McManus, who could attest to the fact that she was not drinking. Ms. McManus briefly joined the meeting and said the Plaintiff did not drink.

28.     In retaliation for Plaintiff's complaint of discrimination and harassment, the Defendant terminated her. When the Plaintiff left the office, Mr. Summas said, "good riddance."

29.     Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Race)**

30.     Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here

31.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of her race, Black.

32.     Mr. Summas and Mr. Whelan, at all times relevant, were acting within the course and scope of their employment for Defendant.

33. Because Plaintiff is Black, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

34. Upon information and belief, non-Black, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

35. Upon information and belief, non-Black, similarly situated employees are not permitted to be harassed by management.

36. Upon information and belief, the Defendant takes seriously the complaints of non-Black, similarly situated employees.

37. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, DONIQUE TULLOCH, being discriminated against.

38. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

39. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial

and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, and such other relief as the Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Race)**

40. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

41. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

42. Plaintiff is Black and therefore a member of a protected class.

43. Because Plaintiff is Black, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

44. Upon information and belief, non-Black, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

45. Upon information and belief, non-Black, similarly situated employees are not permitted to be harassed by management.

46. Upon information and belief, the Defendant takes seriously the complaints of non-Black, similarly situated employees.

47. At all relevant and material times, Defendant failed to comply with the FCRA.

48. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

49. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was Black.

50. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

51. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

52. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

53. Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is Black, in violation of the FCRA.

54. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

55. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her race. The discrimination on the basis of race constitutes unlawful discrimination.

56. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, punitive damages, prejudgment interest on her damages

9

award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of National Origin)**

57. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

58. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated on the basis of her national origin, Jamaica.

59. Mr. Summas and Mr. Whelan, at all times relevant, were acting within the course and scope of their employment for Defendant.

60. Because Plaintiff is Jamaican, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

61. Upon information and belief, non-Jamaican, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

62. Upon information and belief, non-Jamaican, similarly situated employees are not permitted to be harassed by management.

63. Upon information and belief, the Defendant takes seriously the complaints of non-Jamaican, similarly situated employees.

64. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff being discriminated against.

65. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

66. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, emotional pain and suffering caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's costs, fees, interest, and such other relief as the Court deems just and appropriate.

## **COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of National Origin)**

67. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

68. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

69. Mr. Summas and Mr. Whelan, at all times relevant, were acting within the course and scope of their employment for Defendant.

70. Because Plaintiff is Jamaican, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

71. Upon information and belief, non-Jamaican, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

72. Upon information and belief, non-Jamaican, similarly situated employees are not permitted to be harassed by management.

73. Upon information and belief, the Defendant takes seriously the complaints of non-Jamaican, similarly situated employees.

74. At all relevant and material times, Defendant failed to comply with the FCRA.

75. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

76. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

77. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her national origin in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

78. Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is a Jamaican, in violation of the FCRA.

79. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's national origin.

80. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

81. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, punitive damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Gender)**

82. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

83. Plaintiff brings this action under Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated on the basis of her gender, female.

84. Mr. Summas and Mr. Whelan, at all times relevant, were acting within the course and scope of their employment for Defendant.

85. Because Plaintiff is a woman, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

86. Upon information and belief, similarly situated male employees are not treated in the same manner as Defendant treated Plaintiff.

87. Upon information and belief, similarly situaed male employees are not permitted to be harassed by management.

88. Upon information and belief, the Defendant takes seriously the complaints of similarly situated male employees.

89. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, DONIQUE TULLOCH, being discriminated against.

90. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

91. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, punitive damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance

with Title VII of the Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

### COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Gender)**

92. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

93. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

94. The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

95. Plaintiff is a woman, and therefore a member of a protected class.

96. Mr. Summas and Mr. Whelan, at all times relevant, were acting within the course and scope of their employment for Defendant.

97. Because Plaintiff is a woman, she was discriminated against by management, and the Defendant refused to take any action to prevent the discrimination.

98. Upon information and belief, similarly situated male employees are not treated in the same manner as Defendant treated Plaintiff.

99. Upon information and belief, similarly situated male employees are not permitted to be harassed by management.

100. Upon information and belief, the Defendant takes seriously the complaints of similarly situated male employees.

101. At all relevant and material times, Defendant failed to comply with the FCRA.

102. At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a woman.

103. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

104. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

105. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her being a woman in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

106. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is a woman, in violation of the FCRA.

107. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being a woman. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her sex. The discrimination on the basis of sex constitutes unlawful discrimination.

108. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, punitive damages, prejudgment and post-judgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT VII: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Retaliation)**

109. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29, inclusive, as though same were fully re-written here.

110. Plaintiff had the right to voice her grievances to the Defendant regarding the fact that she was being discriminated against.

111. When Defendant terminated the Plaintiff, it retaliated against Plaintiff for exercising her rights.

112. Mr. Summas and Mr. Whelan, at all times relevant, were acting within the course and scope of their employment for Defendant.

113. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

114. Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

115. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff punitive and compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

### COUNT VIII: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

116. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 29 inclusive, as though same were fully re-written here.

117. Plaintiff had the right to voice her grievances to the Defendant regarding the fact that she was being discriminated against.

118. When Defendant terminated the Plaintiff, it retaliated against Plaintiff for exercising her rights.

119. Mr. Summas and Mr. Whelan, at all times relevant, were acting within the course and scope of their employment for Defendant.

120. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

121. Upon information and belief, Defendant's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of those in direct contact with Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum to be determined at trial.

122. Plaintiff has engaged the undersigned attorneys to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff punitive and compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 26th day of April, 2021.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff

20